**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE AUGUSTO ELIAS ROMERO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-71616 <br><br> Agency No. A087-249-520 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022**

Before: FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges

Jose Augusto Elias Romero, a native and citizen of Peru, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Elias Romero does not challenge the agency's determination that his asylum application is time-barred, or that his withholding of removal claim fails because he did not show that any harm was or would be on account of a protected ground. We therefore do not reach those issues. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's denial of CAT protection because Elias Romero failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Peru.[1]  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**

---

[1] Because the BIA assumed Elias Romero's credibility on appeal, we do not consider Elias Romero's argument that the BIA erred in upholding the IJ's adverse credibility finding.

15-71616